IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01344-KLM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. $99,431.00 IN UNITED STATES CURRENCY,
2. 2 GENTLEMEN'S ROLEX WATCHES SEIZED FROM 13171 PENNSYLVANIA STREET, THORNTON, COLORADO,
3. 2012 JEEP WRANGLER RUBICON, VIN: 1C4BJWFG9CL142654,
4. $22,612.00 IN UNITED STATES CURRENCY,
5. 2 GENTLEMEN'S ROLEX WATCHES SEIZED FROM 1983 E. 144TH WAY, THORNTON, COLORADO,
6. 5.72615664 BITCOINS,
7. 3.19247061 BITCOIN CASH,
8. 305.99986 LITECOINS,
9. 19.999685 ETHEREUM,
10. $78.94 IN UNITED STATES CURRENCY,
11. 2 ASSORTED GENTLEMEN'S WATCHES SEIZED FROM 2346 S. GENOA STREET, AURORA, COLORADO,
12. $2,112.00 IN UNITED STATES CURRENCY,
13. 1991 ACURA NSX, VIN: JH4NA115XMT002876,
14. $6,600.00 IN UNITED STATES CURRENCY,
15. 2008 FORD F-350 XLT, VIN: 1FTWF31R08EE45280,

Defendants.

---

**AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

---

The United States of America, by and through United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and the acts described herein occurred, in the District of Colorado.

DEFENDANT PROPERTY

3. Defendant property is more fully described as:

a. $99,431.00 in United States currency seized on January 18, 2018, from 13171 Pennsylvania Street, Thornton, Colorado ("defendant $99,431.00 in U.S. currency"). Defendant $99,431.00 in U.S. currency is currently being held by the United States Marshals Service.

b. 2 Gentlemen's Rolex watches, seized on January 18, 2018, from 13171 Pennsylvania Street, Thornton, Colorado ("defendant 2 Rolex watches seized from 13171 Pennsylvania Street"), which are more fully described as one Rolex Datejust model 1601, serial no. 3204628, and one Rolex Datejust II model 126331, serial no. 631DJ831. Defendant 2 Rolex watches seized from 13171 Pennsylvania Street, are currently being held by the United States Marshals Service.

c. 2012 Jeep Wrangler Rubicon, VIN: 1C4BJWFG9CL142654, seized on January 18, 2018, from Martin Dang at 1983 E. 144th Way, Thornton, Colorado ("defendant 2012 Jeep Wrangler"), is registered in the name of Martin Dang and upon

information and belief is unencumbered. Defendant 2012 Jeep Wrangler is being held by the United States Marshals Service.

d. $22,612.00 in United States currency seized on January 18, 2018, from 1983 E. 144th Way, Thornton, Colorado ("defendant $22,612.00 in U.S. currency"). Defendant $22,612.00 in U.S. currency is currently being held by the United States Marshals Service. Defendant $22,612.00 in U.S. currency is currently being held by the United States Marshals Service.

e. 2 Gentlemen's Rolex watches, seized on January 18, 2018, from 1983 E. 144th Way, Thornton, Colorado ("defendant 2 Rolex watches seized from 1983 E. 144th Way"), which are more fully described as one Rolex Datejust model 116234, serial no. 6P73Y199, and one Rolex Datejust II model 116334, serial no. D972P470. Defendant 2 Rolex watches seized from 1983 E. 144th Way, are currently being held by the United States Marshals Service.

f. 5.72615664 Bitcoins ("defendant 5.72615664 Bitcoins"), seized on March 29, 2018, from Coinbase Account 593496dfd1c68c0ca18a45c6. Defendant 5.72615664 Bitcoins are currently being held by the United States Marshals Service.

g. 3.19247061 Bitcoin Cash ("defendant 3.19247061 Bitcoin Cash"), seized on March 29, 2018, from Coinbase Account 593496dfd1c68c0ca18a45c6. Defendant 3.19247061 Bitcoin Cash is currently being held by the United States Marshals Service.

h. 305.99986 Litecoins ("defendant 305.99986 Litecoins"), seized on March 29, 2018, from Coinbase Account 593496dfd1c68c0ca18a45c6. Defendant

305.99986 Litecoins are currently being held by the United States Marshals Service.

i. 19.999685 Ethereum ("defendant 19.999685 Ethereum"), seized on March 29, 2018, from Coinbase Account 593496dfd1c68c0ca18a45c6. Defendant 19.999685 Ethereum is currently being held by the United States Marshals Service.

j. $78.94 in United States currency, seized on March 29, 2018, from Coinbase Account 593496dfd1c68c0ca18a45c6 ("defendant $78.94 in U.S. currency"). Defendant $78.94 in U.S. currency is currently being held by the United States Marshals Service.

k. 2 Assorted Gentlemen's watches, seized on January 18, 2018, from 2346 S. Genoa Street, Aurora, Colorado ("defendant 2 Assorted Watches seized from 2346 S. Genoa Street"), which are more fully described as one Rolex Datejust II model 116333, serial no. 8F9871T4, and one Breitling Super Avenger Aeromarine Sport model A13370, serial no. 2662839. Defendant 2 Assorted Watches seized from 2346 S. Genoa Street, are currently being held by the United States Marshals Service.

l. $2,112.00 in United States currency seized on January 18, 2018, from 3352 S. Irving Street, Englewood, Colorado ("defendant $2,112.00 in U.S. currency"). Defendant $2,112.00 in U.S. currency is currently being held by the United States Marshals Service.

m. 1991 Acura NSX, VIN: JH4NA115XMT002876, seized on January 18, 2018, from Jonathan Dang at 3352 S. Irving Court, Englewood, Colorado ("defendant 1991 Acura NSX"). Defendant 1991 Acura NSX is registered in the name of Jonathan Dang's girlfriend, Vanessa Nguyen, and upon information and belief is

unencumbered. Defendant 1991 Acura NSX is currently being held by the United States Marshals Service.

n. $6,600.00 in United States currency seized on January 25, 2018, from 539 Gray Court, Lakewood, Colorado ("defendant $6,600.00 in U.S. currency"). Defendant $6,600.00 in U.S. currency is currently being held by the United States Marshals Service.

o. 2008 Ford F-350, VIN: 1FTWF31R08EE45280, seized on January 25, 2018, from Nhat Anh Chu Ngo at 539 Gray Court, Lakewood, Colorado ("defendant 2008 Ford F-350"), is registered in the names Nhat Anh Chu Ngo and Vuong Ngo, and upon information and belief is unencumbered. Defendant 2008 Ford F-350 is currently being held by the United States Marshals Service.

FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

5. In August of 2016, the West Metro Drug Task Force (WMDTF), the North Metro Task Force (NMTF), and the Drug Enforcement Administration (DEA) initiated an investigation into a drug trafficking organization (DTO) suspected of growing marijuana in Colorado, and then distributing it outside of Colorado.

6. Investigators discovered a large illegal marijuana grow at 4221 E. 144th Avenue, Brighton, Colorado, a property owned by Son Nguyen and Lynn Fam. A neighbor had reported the marijuana grow in the yard behind the residence. A pole

camera was installed at the neighbors' property that allowed investigators to view the illegal marijuana grow. Investigators estimated there to be 1,000 marijuana plants growing on the property.

7. Two Asian males were frequently seen at the marijuana grow tending to the plants. They were identified as Son Nguyen and Phi Nguyen. Investigators learned that they were key members of the DTO, and members of the Asian Pride street gang.

8. Son Nguyen owns a grow supply store called GrowMasterz located at 1171 S. Federal Boulevard, Denver, Colorado. A search of this business on January 18, 2018, revealed fifteen pounds of marijuana packaged for sale in a back room. This business is not authorized to possess or distribute marijuana.

9. A confidential source (CS) told investigators that Son Nguyen and Phi Nguyen, along with Martin Dang, were coordinating with a DTO in New Orleans, Louisiana to grow marijuana in Denver and then distribute it in New Orleans.

10. Investigators have identified dozens of residential properties located throughout the Denver, Colorado area that were being used by the DTO for illegal marijuana cultivation and have executed several search warrants.

13171 PENNSYLVANIA STREET, THORNTON, CO

11. Son Nguyen's wife, Lynn Fam, purchased 13171 Pennsylvania Street on April 7, 2016 for $459,900.00. Fam took out a mortgage on the property with a principal amount of $231,000.00.

12. Son Nguyen had been seen by investigators on numerous occasions leaving 13171 Pennsylvania Street, and traveling to various illegal marijuana grow

houses.

13. On March 2, 2017, investigators removed trash from the trashcans left on the public street at 13171 Pennsylvania Street. Investigators discovered a cut open vacuum-sealed bag that smelled like marijuana. The size and type of the bag was consistent with other vacuum-sealed bags that contained marijuana that had been intercepted and seized during this investigation.

14. On January 18, 2018, investigators conducted a search warrant at 13171 Pennsylvania Street. Investigators discovered 248.66 grams of processed marijuana, 1.62 grams of ecstasy, .58 grams of Diazepam, .9 grams of Alprazolam, 21 cellular telephones, and various computers and tablets.

15. Investigators also discovered defendant $99,431.00 in U.S. currency, which was hidden in the chair cushions in the dining room, and throughout the master bedroom, as well as defendant 2 Rolex watches seized from 13171 Pennsylvania Street.

16. Investigators also learned of Coinbase account 593496dfd1c68c0ca18a45c6, created in the name of Son Nguyen on June 4, 2017.

17. On November 14, 2017, $30,000.00 was wired from Son Nguyen's Wells Fargo Bank account into the Coinbase account.

18. On December 21, 2017, $62,000.00 was wired from Son Nguyen's Wells Fargo Bank account into the Coinbase account.

19. On January 17, 2018, $17,000.00 was wired from an unknown account into the Coinbase account.

20. In addition to these wire transfers, there were five additional deposits

totaling $21,056.17, made into the Coinbase account. Most of these were electronic fund transfers (EFT) from Son Nguyen's bank account.

21. Between June 2017 and February 2018, a total of 41 digital currency purchases were made totaling $67,835.02.

22. On March 29, 2018, investigators seized 5.72615664 Bitcoins, 3.19247061 Bitcoin Cash, 305.99986 Litecoins and 19.999685 Ethereum, which are all forms of digital currency, along with $78.94 in United States currency from Coinbase account 593496dfd1c68c0ca18a45c6.

23. A nationwide inquiry showed that Son Nguyen's last reported wages were $2,946.00 during the first quarter of 2017. Son Nguyen's total wages for 2016 were $17,479.00.

24. Investigators interviewed Son Nguyen and he admitted to illegally growing and distributing marijuana.

1983 E. 144TH WAY, THORNTON, CO

25. On June 26 and September 21, 2017, Martin Dang was seen traveling to several illegal marijuana grow locations using defendant 2012 Jeep Wrangler, and tending to the grows.

26. On November 27, 2018, Martin Dang was seen using defendant 2012 Jeep Wrangler to deliver 29.51 pounds of illegal marijuana, which was later seized by investigators.

27. On January 18, 2018, investigators executed a search warrant at 1983 E. 144th Way. Martin Dang and Lisa Pham own this property and were present during the

search.

28. Investigators discovered 9 cellular telephones, several computers, a Royal Sovereign money counter, 7 firearms, 198.11 grams of processed marijuana, and defendant 2012 Jeep Wrangler.

29. Investigators also discovered defendant $22,612.00 in U.S. currency in the master bedroom closet and defendant 2 Rolex watches seized from 1983 E. 144th Way.

30. Martin Dang has had no reported legitimate income since the 2nd quarter of 2016.

2346 S. GENOA STREET, AURORA, CO

31. On January 18, 2018, investigators executed a search warrant at 2346 S. Genoa Street, which is the residence of Thanh Nguyen.

32. Investigators discovered evidence of a large illegal marijuana grow, including 424 marijuana plants and 43.3 pounds of processed marijuana, two bags of harvested marijuana weighing 19.65 and 23.65 pounds, and marijuana clippings.

33. The residence had several rooms dedicated to the growing and processing of illegal marijuana.

34. Investigators also discovered defendant 2 Assorted Watches seized from 2346 S. Genoa Street.

35. Thanh Nguyen was the only resident of 2346 S. Genoa Street, and per a nationwide search has no legitimate income.

3352 S. IRVING STREET, ENGLEWOOD, CO

36. On January 18, 2018, investigators executed a search warrant at 3352 S.

Irving Street, the residence of Jonathan Dang.

37. Investigators discovered evidence of an illegal marijuana grow in the basement that included 78 marijuana plants. Investigators also found 9.59 grams of processed marijuana, as well as defendant $2,112.00 in U.S. currency and defendant 1991 Acura NSX.

38. Jonathan Dang was present during the search and was interviewed by investigators. Jonathan Dang admitted that he illegally cultivates marijuana at several locations, including at his residence at 3352 S. Irving Street. Jonathan Dang told investigators that he was currently unemployed, and he sells marijuana illegally to cover his living expenses and to purchase high value items. Jonathan Dang admitted that he had purchased a BMW sedan with marijuana proceeds and later traded it for the defendant 1991 Acura NSX.

539 GRAY COURT, LAKEWOOD, CO

39. On January 8, 2018, investigators observed Son Nguyen visiting various Denver area illegal marijuana grow locations, including 13171 Pennsylvania Street, 4221 E. 144th Avenue, 3833 S. Federal Boulevard, and 539 Gray Court.

40. On January 25, 2018, investigators executed a search warrant at 539 Gray Court, and discovered evidence of a large illegal marijuana grow, including 611 marijuana plants and 21.75 pounds of processed marijuana.

41. Investigators also discovered defendant $6,600.00 in U.S. currency and defendant 2008 Ford F-350. Defendant 2008 Ford F-350 was found parked in the back of the residence. Inside the enclosed bed area, investigators found numerous bags of

potting soil and marijuana clippings, indicating that the vehicle was used for marijuana cultivation.

42. Based on facts and circumstances described above, evidence shows that the defendant assets were derived from, or involved in the illegal cultivation and distribution of marijuana.

VERIFICATION OF BRENDA MCDONOUGH
SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent Brenda McDonough, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Brenda G. McDonough
Brenda McDonough
Special Agent, DEA

STATE OF COLORADO )
) ss
COUNTY OF Arapahoe )

The foregoing was acknowledged before me this 20th day of June, 2018 by Brenda McDonough, Special Agent, Drug Enforcement Administration.

BRANDY L. PAYNE
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID # 20034014745
MY COMMISSION EXPIRES DECEMBER 06, 2019

Brandy L. Payne
Notary Public - Colorado
My Commission Expires: Dec 06, 2019

FIRST CLAIM FOR RELIEF

43. The Plaintiff repeats and incorporates by reference the paragraphs above.

44. By the foregoing and other acts, defendant $99,431.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SECOND CLAIM FOR RELEIF

45. The Plaintiff repeats and incorporates by reference the paragraphs above.

46. By the foregoing and other acts, defendant 2 Rolex watches seized from 13171 Pennsylvania Street, constitutes property traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

THIRD CLAIM FOR RELIEF

47. The Plaintiff repeats and incorporates by reference the paragraphs above.

48. By the foregoing and other acts, defendant 2012 Jeep Wrangler, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

FOURTH CLAIM FOR RELIEF

49. The Plaintiff repeats and incorporates by reference the paragraphs above.

50. By the foregoing and other acts, defendant $22,612.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

FIFTH CLAIM FOR RELIEF

51. The Plaintiff repeats and incorporates by reference the paragraphs above.

52. By the foregoing and other acts, defendant 2 Rolex watches seized from 1983 E. 144th Way, constitutes property traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SIXTH CLAIM FOR RELIEF

53. The Plaintiff repeats and incorporates by reference the paragraphs above.

54. By the foregoing and other acts, defendant 5.72615664 Bitcoins constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

SEVENTH CLAIM FOR RELIEF

55. The Plaintiff repeats and incorporates by reference the paragraphs above.

56. By the foregoing and other acts, defendant 3.19247061 Bitcoin Cash constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

EIGHTH CLAIM FOR RELIEF

57. The Plaintiff repeats and incorporates by reference the paragraphs above.

58. By the foregoing and other acts, defendant 305.99986 Litecoins constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

NINTH CLAIM FOR RELIEF

59. The Plaintiff repeats and incorporates by reference the paragraphs above.

60. By the foregoing and other acts, defendant 19.999685 Ethereum constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

TENTH CLAIM FOR RELIEF

61. The Plaintiff repeats and incorporates by reference the paragraphs above.

62. By the foregoing and other acts, defendant $78.94 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

ELEVENTH CLAIM FOR RELIEF

63. The Plaintiff repeats and incorporates by reference the paragraphs above.

64. By the foregoing and other acts, defendant 2 Assorted Watches seized from 2346 S. Genoa Street, constitutes property traceable to an exchange of a controlled

substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>TWELFTH CLAIM FOR RELIEF</u>

65. The Plaintiff repeats and incorporates by reference the paragraphs above.

66. By the foregoing and other acts, defendant $2,112.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>THIRTEENTH CLAIM FOR RELIEF</u>

67. The Plaintiff repeats and incorporates by reference the paragraphs above.

68. By the foregoing and other acts, defendant 1991 Acura NSX, constitutes property traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>FOURTEENTH CLAIM FOR RELIEF</u>

69. The Plaintiff repeats and incorporates by reference the paragraphs above.

70. By the foregoing and other acts, defendant $6,600.00 in U.S. currency constitutes proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

<u>FIFTEENTH CLAIM FOR RELIEF</u>

71. The Plaintiff repeats and incorporates by reference the paragraphs above.

72. By the foregoing and other acts, defendant 2008 Ford F-350, constitutes a vehicle used, or intended to be used, to transport, or in any manner, to facilitate the transportation, sale, receipt, possession, and concealment, of a controlled substance in of violation of 21 U.S.C. § 801, et seq., and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the Defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 21st day of June, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

By: s/*Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for Plaintiff*