IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01344-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$99,431.00 IN UNITED STATE CURRENCY,
2012 JEEP WRANGLER RUBICON, VIN: 1C4BJWFG9CL142654,
$22,612.00 IN UNITED STATES CURRENCY,
$2,112.00 IN UNITED STATES CURRENCY,
1991 ACURA NSX, VIN: JH4NA115XMT002876,
$6,600.00 IN UNITED STATES CURRENCY,
2008 FORD F-350 XLT, VIN: 1FTWF31R08EE45280,
2 GENTLEMEN'S ROLEX WATCHES, and
2 ASSORTED GENTLEMEN'S WATCHES,

      Defendants.

---

**KLM CIVIL MOTIONS PRACTICE STANDARDS**
(revised effective April 24, 2018)

---

      The following procedures supplement the Federal Rules of Civil Procedure and the Local Rules of this Court. **Failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, or these Practice Standards may result in motions, briefs, and other filings being summarily stricken.**

## I. General

A.    **Proposed Orders.**  Parties may but need not submit proposed orders with their motions.  Parties will be contacted by Chambers if a proposed order is requested.

B.    **Memoranda.**  Motions with separately filed memoranda or briefs in support are discouraged.  The motion itself and all supporting arguments should be contained within a single document.

C.    **Exhibits.**  Exhibits to a motion, response, or reply are due on the same calendar day as the motion, response, or reply.  Exhibits filed after the due date may be summarily stricken.

D.  **Requests for Relief.**  All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a separate, written motion.  A request for relief contained within a brief, notice, status report or other written filing does not fulfill this Practice Standard.

1.  This requirement does **not** apply to objections to summary judgment evidence **unless** the objecting party is seeking total or partial exclusion of expert testimony under Federal Rule of Evidence 702.

2.  This requirement also does **not** apply to requests to convert a Fed. R. Civ. P. 12(b)(6) motion to one for summary judgment; such a request should instead be included in the response to the Fed. R. Civ. P. 12(b)(6) motion.

E.  **Page Limitations.**  All motions, whether dispositive or nondispositive, and responses are limited to a total of **twenty (20) pages** each, absent leave of Court. All replies are limited to a total of **ten (10) pages** each, absent leave of Court.

1.  These page limitations shall include the cover page, jurisdictional statement, statement of facts, procedural history, argument, authority, closing, and all other matters, **except** the certificate of service, the attorney or party signature blocks, the table of contents (if included), the table of authorities (if included), and exhibits.

2.  Permission to file briefs of greater length shall be requested by filing a motion in advance of the deadline for filing the brief.  A motion requesting such permission must include sufficient detail to allow the Court to discern the necessity of additional pages.

## II.  Unopposed Motions for Expedited Ruling on Issue of Law

If counsel for all affected parties agree that an issue of law should be decided by the Court as a threshold matter, they may file an Unopposed Motion for Expedited Ruling on Issue of Law at any time prior to the dispositive motions deadline.  If filed before the Scheduling Conference, the Court will resolve the Motion before conducting the scheduling conference.  If filed after the Scheduling Conference, the Court will resolve the Motion as efficiently as possible.  Any such Motion shall not include any other request for relief (for example, for imposition of a stay).  Other requests for relief shall be made by filing a separate motion in accordance with Section I.D. above.

## III.  Motions for Summary Judgment

A.  **Motion for Summary Judgment.**  All motions for summary judgment must contain a section titled "Statement of Material Facts."  This Statement shall set forth in simple, declarative sentences, all of which are separately numbered and paragraphed, each material fact the movant believes supports movant's claim that

movant is entitled to judgment as a matter of law.  Each statement of fact **must** be accompanied by a specific reference to admissible evidence in the record which establishes that fact.

B.   **Response to Motion for Summary Judgment.**  Any party opposing the motion for summary judgment shall provide a "Response to Movant's Material Facts" in its brief, admitting or denying the asserted material facts set forth by the movant, as follows:

1.   The admission or denial shall be made in paragraphs numbered to correspond to movant's paragraph numbering.

2.   Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to admissible evidence in the record supporting the denial.

3.   The opposing party may not "deny" an assertion on grounds of evidentiary inadmissibility or other reasons for inadmissibility (including irrelevance, lack of authenticity, lack of foundation, incompleteness, waiver, or estoppel).  The opposing party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible at trial," Fed. R. Civ. P. 56(c)(2), and any party so objecting **must** include a concise explanation of its objection, but the party must still admit or deny the factual substance of the assertion, unless doing so would violate a recognized privilege.

4.   The opposing party may not deny an assertion for lack of knowledge, unless (i) in response to an early partial motion for summary judgment and such denial is made in good faith, or (ii) the party states within the body of its response a well-grounded request for additional discovery under Fed. R. Civ. P. 56(d) and attaches the affidavit or declaration required by that Rule.

If the party opposing the motion for summary judgment believes there are additional disputed questions which have not been adequately addressed by the movant, the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple declarative sentences, separately numbered and paragraphed, each additional material disputed fact which undercuts movant's claim that movant is entitled to judgment as a matter of law.  Each separately numbered and paragraphed fact shall be accompanied by specific reference to admissible evidence in the record which establishes the fact or demonstrates that it is disputed.

C.   **Reply in Support of Motion for Summary Judgment.**  If a reply brief is filed, it shall contain:

1.   A separate section titled "Reply Concerning Undisputed Facts," containing any factual reply which movant cares to make regarding the facts asserted

in movant's motion to be undisputed.  Any such factual reply shall be made in separate paragraphs numbered to correspond to the movant's motion and the opposing party's response and shall be supported by specific references to material in the record.

2.  A separate section titled "Response Concerning Additional Disputed Facts" admitting or denying the additional disputed facts set forth by the non-moving party. All of the requirements of Section III.B., apply to this Response Concerning Additional Disputed Facts.

D.  **Exhibits to Motions for Summary Judgment.**  Exhibits to motions for summary judgment shall be filed on the electronic docket.  The parties shall not submit exhibits to Chambers in hard copy, unless otherwise ordered.  This procedure does not apply to nondocumentary exhibits such as copies of audio or video recordings.

E.  **Partial Motions for Summary Judgment.**  Partial motions for summary judgment are encouraged but must be filed by the dispositive motions deadline.  Partial motions for summary judgment shall follow all guidelines set forth in Sections II.A.-D. above.   The filing of multiple partial motions for summary judgment is discouraged.

Dated:  October 7, 2020

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge